UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Louis Martin Mondry,            Case No. 10-55238-TJT
                                         Chapter 7
           Debtor.                 Hon. Thomas J. Tucker
_____/

## TRUSTEE'S MOTION FOR ORDER
## AUTHORIZING THIRD INTERIM DISTRIBUTION

### Jurisdiction

1. The Trustee brings this motion under 11 U.S.C. §§ 105 and 726; Fed. R. Bankr. P. 3009 and 9014; and L.B.R. 9014-1 (E.D.M.).

2. This is a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(A) and 1334.

### Background

3. Louis Martin Mondry filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code on May 6, 2010. The case was converted to a case under Chapter 7 on September 24, 2014, and Homer W. McClarty was appointed the Chapter 7 Trustee for the Debtor's bankruptcy estate.

4. On December 19, 2014, the Court entered an order approving the sale of the Debtor's commercial property at 6657 Michigan Avenue, Detroit, Michigan, and hardware store assets for $110,000 on land contract. The land contract was

paid in monthly installments amortized over five years with the final payment made in February 2020.

5. Currently, the estate is collecting payments under a promissory note for redemption of the Debtor's Class B stock in True Value Company. Although the final payment on the True Value stock was due in December 2019, True Value has deferred making principal payments. True Value has reported that the coronavirus outbreak and the need to focus on its support of current True Value retailers factored into its decision. True Value will pay interest to former members, but not principal payments.

6. To date, the Trustee has collected just over $141,000 in land contract and stock redemption payments.

7. The deadline for filing claims against the bankruptcy estate expired on March 9, 2015. Allowed secured claims were paid in full under this Court's November 21, 2017 Order Authorizing Interim Distribution (Doc 229). Allowed priority claims were paid in full under this Court's June 4, 2019 Order Authorizing Interim Distribution (Doc 245).

8. The Trustee is currently holding just over $44,000 in the estate trust account. Of this amount, the Trustee seeks to distribute $24,000 to pay allowed unsecured claims on a pro rata basis.

## Interim Distribution

9. In a Chapter 7 case, dividends to creditors shall be paid as promptly as practicable. *See* Fed. R. Bankr. P. 3009.

10. As indicated above, the estate is holding sufficient funds to make a meaningful distribution to creditors. And, because True Value has not provided any timetable on when it will resume making principal payments on stock redemption note, the Trustee believes that an interim distribution is appropriate at this time.

## Relief Requested

The Trustee respectfully requests that this Court enter an order authorizing an interim distribution of estate funds and granting such further relief as this Court deems appropriate.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Attorney for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: July 8, 2020

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Louis Martin Mondry,　　　　　　　　　　Case No. 10-55238-TJT
　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　Debtor.　　　　　　　　　　　Hon. Thomas J. Tucker
_____/

### ORDER AUTHORIZING THIRD INTERIM DISTRIBUTION

This matter is before the Court on the Trustee's motion. Interested parties were served with notice of the motion, and no objections were timely filed.

IT IS ORDERED as follows:

A.　　The Trustee's motion is granted.

B.　　The Trustee may distribute $24,000 from the estate trust account to pay allowed unsecured creditors on a pro rata basis.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| Louis Martin Mondry, xxx-xx-0418<br>49390 Bay Lane<br>New Baltimore, MI 48047 | Case No. 10-55238-tjt<br>Chapter 7<br>Hon. Thomas J. Tucker |

                Debtor.
_____/

**NOTICE OF TRUSTEE'S MOTION FOR ORDER
AUTHORIZING THIRD INTERIM DISTRIBUTION**

Chapter 7 Trustee Homer W. McClarty filed a motion seeking authority to use $24,000 of the $44,000 in estate funds to pay unsecured claims on a pro rata basis. In 2014, the Trustee sold the estate's interest in commercial property at 6657 Michigan Avenue, Detroit, Michigan, and hardware store assets for $110,000 on land contract. The land contract was paid in monthly installments amortized over five years with the final payment made February 2020. The estate is also collecting payments under a promissory note for redemption of the Debtor's Class B stock in True Value Company. Although the final payment on the True Value stock was due in December 2019, True Value has deferred making principal payments, citing the coronavirus outbreak and the need to focus on its support of current True Value retailers. True Value will pay interest to former members, but not principal payments. The Trustee will not be able make a final distribution until the True Value note is paid, and True Value has not provided a timetable to resume making payments on the redemption note. Accordingly, the Trustee has requested authority to make an interim distribution of $24,000 to pay unsecured claims on a pro rata basis.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Trustee's motion, or if you want the Court to consider your views on the motion, then on or before 21 days from the date of service of this notice, you or your attorney must:

File with the Court a written objection or request for hearing at:[1]

Intake Office
U.S. Bankruptcy Court
211 West Fort Street
Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the 21-day period expires. All attorneys are required to file pleadings electronically.

You must also send a copy to:

Tracy M. Clark, Esq.
Steinberg Shapiro & Clark
25925 Telegraph Rd., Suite 203
Southfield, Michigan 48033

If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

                        Steinberg Shapiro & Clark

                        /s/ Tracy M. Clark (P60262)
                        Attorney for Trustee
                        25925 Telegraph Rd., Suite 203
                        Southfield, MI 48033
                        (248) 352-4700
                        clark@steinbergshapiro.com

Date: July 8, 2020

---

[1] Objection or request for hearing must comply with Fed.R.Civ.P. 8(b), (c), and (e).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Louis Martin Mondry,  Case No. 10-55238-TJT
　　　　　　　　　　　　　　　　　　　　 Chapter 7
　　　　　　　Debtor. Hon. Thomas J. Tucker
_____/

## CERTIFICATE OF SERVICE

I certify that on July 8, 2020, I served copies as follows:

| | |
|---|---|
| Document Served: | Notice of Trustee's Motion for Order Authorizing Third Interim Distribution |
| Served Upon: | Louis Martin Mondry<br>49390 Bay Lane<br>New Baltimore, MI 48047<br><br>All creditors with timely filed and allowed proofs of claim (*See* L.B.R. 2002-4) |
| Method of Service: | First Class Mail |

/s/ Kelli Abrahamian, Legal Assistant
Steinberg Shapiro & Clark
Attorneys for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
kabrahamian@steinbergshapiro.com